**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

PACIFIC CENTURY INT'L LTD,

Plaintiff,

v.

SHANE STRINK and PETER ROETERS,

Defendants.

CASE NO.

Judge: Hon.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Pacific Century Int'l LTD ("Plaintiff"), through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

## NATURE OF THE CASE

1. Plaintiff files this action for copyright infringement under the United States Copyright Act and related contributory infringement and civil conspiracy claims to combat the willful and intentional infringement of its creative works. Defendants Shane Strink and Peter Roeters ("Defendants") knowingly and illegally reproduced and distributed Plaintiff's copyrighted works by acting in concert with others via the BitTorrent file sharing protocol and, upon information and belief, continue to do the same. In using BitTorrent, Defendants' infringement actions furthered the efforts of numerous others in infringing on Plaintiff's copyrighted works. The result: exponential viral infringement. Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's fees, and other relief to curb this behavior.

## THE PARTIES

2. Plaintiff Pacific Century Int'l LTD is a corporation organized and existing under the laws of the Republic of Malta, with its principal place of business located in Siliema, Malta. Plaintiff is an adult content producer and is the exclusive holder of the relevant rights with respect to the copyrighted creative works at issue in this Complaint.

3. Defendant Shane Strink is an individual residing in the state of Illinois. In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution of Plaintiff's copyrighted work "West Coast GB – Suzie" by Defendant Strink

4. Defendant Peter Roeters is an individual residing in the state of Illinois. In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution of Plaintiff's copyrighted work "Amateur Creampies – Bella Luciano" by Defendant Roeters.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights). This Court has supplemental jurisdiction over the contributory infringement and civil conspiracy claims under 28 U.S.C. § 1367(a) because they are so related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, that the claims form part of the same case and controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction because upon information and belief, Defendants reside in the state of Illinois. Venue is properly founded in this judicial district

pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants reside in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

**BACKGROUND**

7. BitTorrent is a modern file sharing method ("protocol") used for distributing data via the Internet.

8. Traditional file transfer protocols involve a central server, which distributes data directly to individual users. This method is prone to collapse when large numbers of users request data from the central server, in which case the server can become overburdened and the rate of data transmission can slow considerably or cease altogether. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

9. Standard P2P protocols involve a one-to-one transfer of whole files between a single uploader and single downloader. Although standard P2P protocols solve some of the issues associated with traditional file transfer protocols, these protocols still suffer from such issues as scalability. For example, when a popular file is released (e.g. an illegal copy of the latest blockbuster movie) the initial source of the file performs a one-to-one whole file transfer to a third party, who then performs similar transfers. The one-to-one whole file transfer method can significantly delay the spread of a file across the world because the initial spread is so limited.

10. In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves. Further, the BitTorrent protocol involves breaking a single large file into many small pieces, which can be transferred much more quickly than a single large file and in turn redistributed much more quickly than a

single large file. Moreover, each peer can download missing pieces of the file from multiple sources—often simultaneously—which causes transfers to be fast and reliable. After downloading a piece, a peer automatically becomes a source for the piece. This distribution method contrasts sharply with a one-to-one whole file transfer method.

11. In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

12. The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

13. The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses.

14. The BitTorrent protocol is an extremely popular method for transferring data. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world. And every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands of other peers.

15. The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing, and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

16. Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy measures. This lawsuit is Plaintiff's only practical means of combating BitTorrent-based infringement of its copyrighted works.

## ALLEGATIONS COMMON TO ALL COUNTS

17. Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the copyrighted works at issue in this Complaint.

18. Plaintiff has applied for a certificate of copyright registration for the copyrighted work "West Coast GB – Suzie" from the United States Copyright Office, and that application is currently pending. (Application No. 1-88781632).

19. Plaintiff's copyrighted work "Amateur Creampies – Bella Luciano" is currently registered in the United States Copyright Office (Copyright No. PA0001810608).

20. The torrent files used to access the copyrighted materials were named in a manner that would have provided an ordinary individual with notice that the copyrighted works were protected by the copyright laws of the United States.

21. Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing its copyrighted works. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22. Defendants participated with thousands of unknown infringers to reproduce and distribute Plaintiff's many copyrighted works.

23. Defendant Strink, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's copyrighted work "West Coast GB – Suzie", purposefully loaded that torrent file into his BitTorrent client, entered a BitTorrent swarm particular to Plaintiff's copyrighted work, and reproduced and distributed the work to numerous third parties.

24. Defendant Roeters, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's copyrighted work "Amateur Creampies – Bella Luciano", purposefully loaded that torrent file into his BitTorrent client, entered a BitTorrent swarm particular to Plaintiff's copyrighted work, and reproduced and distributed the work to numerous third parties.

**COUNT I – COPYRIGHT INFRINGEMENT**

25. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

26. Defendants' conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

27. Defendants knew or had constructive knowledge that their acts constituted copyright infringement of Plaintiff's copyrighted works.

28. Defendants' conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

29. Plaintiff has been damaged by Defendants' conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendants' conduct.

30. Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

31. As Defendants' infringement was intentional and willful, Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

**COUNT II – CONTRIBUTORY INFRINGEMENT**

32. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

33. When users in this unique swarm all possess the same infringing work with the same exact hash value, it is because each infringer possesses an exact digital copy, containing the exact bits and pieces unique to that specific file of Plaintiff's original copyrighted work. The only way this happens in a BitTorrent swarm is through the sharing of these bits and pieces of each same unique file, with the same unique hash value, between the users in the swarm. In essence, although hundreds of users may be uploading the copyrighted work, a single user will receive only the exact parts of a singular upload through that exact swarm, not a compilation of available pieces from various uploads.

34. Defendants downloaded, uploaded and distributed Plaintiff's copyrighted work to other BitTorrent users through use of the hash-specified protocol in the unique swarm.

35. As each of the thousands of people who illegally downloaded the copyrighted works accessed this illegal publication, they derived portions of their illegal replication of the file from multiple persons, including, but not limited to, Defendant.

36. Defendants knew of the infringement, were conscious of their own infringement, and were fully conscious that their actions resulted in multiple other persons derivatively downloaded the files containing Plaintiff's copyrighted works.

37. The infringement by the other BitTorrent users could not have occurred without Defendants' participation in uploading Plaintiff's copyrighted works. As such, Defendants' participation in the infringing activities of others is substantial and contributed, for profit, to the infringing activity of thousands of other peers over the Internet across the world.

38. Defendants profited from this contributory infringement by way of being granted access to a greater library of other infringing works, some of which belonged to Plaintiff and some of which belonged to other copyright owners.

**COUNT III – CIVIL CONSPIRACY**

39. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

40. In using the peer-to-peer BitTorrent file distribution method, Defendants engaged in a concerted action with other yet unnamed individuals to reproduce and distribute Plaintiff's copyrighted works by exchanging pieces of the work in the torrent swarm.

41. Each Defendant downloaded a torrent file, opened it using a BitTorrent client, and then entered a torrent swarm comprised of other individuals distributing and reproducing Plaintiff's copyrighted works.

42. Participants in the torrent swarm have conspired to provide other individuals with pieces of the copyrighted work in exchange for receiving other pieces of the same copyrighted works to eventually obtain a complete copy of the file.

43. In furtherance of this civil conspiracy, Defendants committed overt tortious and unlawful acts by using BitTorrent software to download the copyrighted works from and distribute it to others, and were willful participants in this joint activity.

44. As a proximate result of this conspiracy, Plaintiff has been damaged, as is more fully alleged above.

## JURY DEMAND

45. Plaintiff hereby demands a jury trial in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests Judgment and relief as follows:

1) Judgment against Defendants that they have: a) willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by their acts and conduct set forth in this Complaint;

2) Judgment in favor of the Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at trial;

3) Order of impoundment under 17 U.S.C. §§ 503 & 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under his control;

4) On Count II, an order that Defendants are jointly and severally liable to the Plaintiff in the full amount of Judgment on the basis of a common law claim for contributory infringement of copyright; for an award of compensatory damages in favor of the Plaintiff and against Defendants, jointly and severally, in an amount to be determined at trial;

5) On Count III, an order that Defendants are jointly and severally liable to the Plaintiff in the full amount of Judgment on the basis of a common law claim for civil conspiracy; for an award of compensatory damages in favor of the Plaintiff and against Defendants, jointly and severally, in an amount to be determined at trial;

6) Judgment in favor of Plaintiff against the Defendants awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

7) Judgment in favor of the Plaintiff against Defendants awarding Plaintiff declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.

Respectfully submitted,

Pacific Century Int'l LTD,

DATED: February 5, 2013

By: /s/ Paul Duffy

Paul Duffy (Bar No. 6210496)
Anti-Piracy Law Group
161 N. Clark St., Suite 3200
Chicago, IL 60601
Phone: (800) 380-0840
E-mail: paduffy@antipiracylawgroup.com
*Attorney for Plaintiff*